*MITCHELL'S ADMR. v. CHAMPAIGN CO. (COMRS.)

**1. ACT CONFERRING JUDICIAL POWER.**

If the sole purpose of a statute is to give private persons a right to recover for the pecuniary injury they may suffer from mob violence, and the statute fixes the amount of the recovery, this would be an exercise of judicial power, in determining without the intervention of a jury the extent of the injury and the amount of damages.

**2. EXERCISE OF POLICE POWER.**

But if the main purpose of the act, which gives the right and fixes amount, of recovery, is to assess a fine upon and collect a penalty from a community which has failed to prevent mob violence, it subserves a public purpose—the preservation and protection of life and property—and is an exercise of police, not judicial, power.

**3. MOB VIOLENCE LAW IS VALID.**

The act, 92 O. L., 136, providing that "any person assaulted by a mob and suffering lynching at their hands, shall be entitled to recover of the county in which such assault is made, the sum of five hundred dollars, or if the injury is serious, the sum of one thousand dollars; or, if it result in permanent disability to earn a livelihood, the sum of five thousand dollars," with the further provision as to payment to next of kin in certain cases, is within the last mentioned class, is an exercise of police power and clearly within legislative authority.

The lynching of a negro at Urbana last year resulted in a suit under the anti-lynch law of Ohio, by the administrator of the victim, against the Champaign county commissioners to recover $5,000 for the next of kin. The court of common pleas held the law unconstitutional, and the case was carried to the circuit court, which, sitting at Urbana at the October term, rendered a *contra* decision.

WILSON, J. (Memorandum of Opinion.)

This is an action under the recent statute authorizing suit to be brought by the next of kin to recover the sum of five thousand dollars for the death of a person occasioned by mob violence. The court has been slow to reach a conclusion, because of the importance of the case, and because it has been necessary to examine numerous authorities. It has also felt constrained to align itself, if possible, with the decisions of the other courts of the state upon the same question.

The common pleas court of Cuyahoga county and the circuit court, as well as the court which passed upon this case, have held the statute under which the cases were brought to be unconstitutional. The grounds upon which it has been so held are:

First—Because it is the exercise of judicial power by the legislature.

Second—It is the taking of private property without due process of law.

---

* The circuit decision in this case was affirmed by the Supreme Court, 62 Ohio St., 318. For decision of common pleas reversed, see 5 Dec., 262. For decision of the Cuyahoga common pleas, see 6 Dec., 267 ; Cuyahoga circuit court, 8 Circ. Dec., 5.

In the Cleveland cases it was also held to be the use of the taxing power for private emolument.

Whether or not the statute is subject to any of these constitutional infirmities depends upon the purpose intended to be subserved by its enactment. If it simply undertakes to give to private persons a right to recover for the pecuniary injury they may suffer by reason of the death of a relative from mob violence, the statute fixing the amount of the recovery, and that being the sole purpose of the statute, it would be the exercise of judicial power, for that it determines without the intervention of a jury the extent of the injury and the amount in damages; and it would be open to the other objections as well. If, however, it be not the main purpose of the act to give the right and fix the amount of recovery to a private person in such case, but rather to assess a fine upon and collect a penalty from a community which has failed to prevent mob violence, it subserves a public purpose—the preservation and protection of life and property, to which end all laws are enacted—and would be an exercise of the police power of the government, not the judicial.

The court below, on passing upon the demurrer to the petition which was sustained, seems to have taken for granted that this legislation was of the former class, providing a private remedy and subserving no public end, and that the recovery is in damages, not in the nature of a penalty. Of course, having that view of the law, the conclusion of the court below would be correct; but the real question is whether or not that is the view to be taken of this act, looking to the evil which the legislature sought to remedy, and the end to be accomplished.

Legislation of this nature, whether it fixes a right to recover for the destruction of property or injury to the person or for the death of a person occasioned by a mob, is not enacted for the sole purpose of giving to a party the right to recover his damages, but is primarily the assessment of a fine upon a political subdivision of the state, such as a county, for its failure in the exercise of the duties of good citizenship to prevent riot and suppress mob violence. The object of the statute in question is to subserve such public end, and is the exercise of the police power of the government, which is wholly within the province of the legislature. The amount fixed by the statute as being recoverable by the administrator of the deceased party for the next of kin is not damages, but a penalty, the extent of which the legislature, in its wisdom, may determine. There is no occasion for an enquiry of damages. It must be presumed that the legislature has fixed upon such amount as it deemed sufficient to make the citizens in every community active and vigilant in the enforcement of the law and in the detection and prevention of crime. Under the right provided for the recovery of damages for death caused by negligence the rule is different. In such cases there is reason for an enquiry of damages. The parties can recovery only to the extent of their pecuniary injury; but under this statute a fixed amount is made payable to the next of kin, regardless of whether they are pecuniarily injured or not. It is not because they are damaged that they receive it, and but because this penalty, which the statute places upon the community, must be disposed of in some way, and the legislature has seen fit to cast it upon the next of kin.

It would be anomalous to say that the county has the right to be heard on the question of damages. A jury from the community which

tolerated the mob would be apt to find the life which was taken worthless; and it would follow that pecuniarily worthless life could be taken by a mob with impunity. This would defeat the object of the law and render life cheaper than property.

For these reasons we hold the statute to be constitutional, and the demurrer will be overruled.